**Julie HASS, Appellant,**

v.

**Steve MONEY and Melissa Money, Appellees.**

**No. 78801.**

Court of Appeals of Oklahoma, Division No. 1.

March 2, 1993.

Stephen M. Pike, Oklahoma City, for appellant.

Katheryn K. Kaufman, Oklahoma City, for appellees.

### MEMORANDUM OPINION

JONES, Judge:

While the Moneys (Defendants) were on vacation, they boarded their dog at Peppertree Animal Clinic (Peppertree). On June 16, 1990, Julie Hass (Plaintiff), an employee of Peppertree, was bitten by the dog while walking him. She filed suit and the trial court sustained Defendants' motion for summary judgment. Hass appeals.

In Oklahoma, the owners of any dog shall be liable for the full amount of any damages sustained when their dog, without provocation, bites or injures any person, while such person is in or on a place where he has a lawful right to be. 4 O.S.1991 § 42.1 (Since amended effective Feb. 1, 1992), reads as follows:

Personal injury by dog—Liability of owner

The owner or owners of any dog shall be liable for damages to the full amount of any damages sustained when his dog, without provocation, bites or injures any person while such person is in or on a place where he has a lawful right to be.

■ Therefore, generally, one who chooses to own a dog should be responsible for *unprovoked* attacks of the animal. It must be remembered, however, that Title 4 O.S.1991 § 42.3 provides that the act *does not apply* to rural areas of the State or to cities or towns that do not have city or village U.S. Mail service.

■ In the case at bar, Peppertree Animal Clinic had custody of Appellees' dog when Hass was bitten by it. On appeal here, an argument is made concerning the Oklahoma City vicious dog ordinances, specifically the definition of owner, under Article II, Division 1.5, VICIOUS DOGS. Under Sec. 8-104.1(1), an owner of a vicious dog includes persons keeping, possessing, harboring or having custody of the dog. Presumptively, the definition of owner has been enlarged in order to insure responsibility for vicious dogs, and is not restricted to the legal owner. Be that as it may, there is no evidence that the dog, considered in this opinion, has been found to be vicious as required by the ordinance, and thus, the definition of owner under the vicious dog ordinance is irrelevant.

■ Argument is made that Appellant, at the time of her injury, was or was not being remunerated for the time period she was looking after the dog boarded at the Peppertree facility. Similarly this consideration is immaterial. Under 4 O.S.1991 § 42.1, the owner is liable for unprovoked attacks causing injury to persons in or on a place they lawfully have a right to be. The record contains no indication that the employee was unlawfully present at the time.

■ The trial court issued summary judgment to Appellees on the basis that there was no fact question on the issue of negligence of Appellees while the dog was in the exclusive care of Appellant. Had this been a negligence action, that decision would have been correct. However, the statute (4 O.S. § 42.1) appears to attach liability without fault. The case of *Hampton By and Through Hampton v. Hammons*, 743 P.2d 1053 (Okl.1987), states at 1058 that liability attaches under the statute where the injured party proves ownership, lack of provocation, injury, and a lawful presence on the defendant's property. (In *Hammons* the injury occurred on the owner's property).

■ It is contended here the employee came within the definition of an owner at the time the dog bit the plaintiff, and thus she may not recover for her injuries from Appellees possessing title to the dog. *Hampton,* supra, is cited for this premiss, because at p. 1059 the Court states "one who ... undertakes to control the dog's actions, may be considered to be the owner within the meaning of the law." However, as the bold heading of Section III of that opinion notes, this broad definition of owner is a result of construction of § 42.1, and a Tulsa municipal ordinance dealing with

vicious dogs.[1] The apparent intent of that broad definition of owner is to enlarge those potentially liable for harm caused by what amounts to a dangerous instrumentality. There is a similar Oklahoma City ordinance, but that definition is not applicable to the dog in this action, under the record before the Court on appeal. Consequently, the definition of owner cannot be broadened here to include persons keeping a dog. There is language in *Hampton* at p. 1059 which states that in *Whitefield v. Stewart,* 577 P.2d 1295 (Okl.1978) at 1299, the Supreme Court extended the version of § 42.1, then in effect, to a person choosing to harbor a monkey, and stating the statute would also apply to a dog's owner. Note however, the Court stated it did not discuss whether or not a person harboring, without legal right to possession, would also be an owner for purposes of the dog bite statute. We now determine under Title 4 O.S.1991 § 42.1, the definition of owner is restricted to a person having the legal right to possession.

Here, the statutory language applies in that the injured party, the Appellant, was at a place she had a right to be at the time of injury. The record presented on appeal does not indicate the existence of provocation which would excuse the injury under the statute.

The trial court's order sustaining Defendant's Motion For Summary Judgment is reversed and the cause is remanded for trial on the merits.

REVERSED AND REMANDED.

ADAMS, P.J., concurs.

GARRETT, J., dissents.

GARRETT, Judge, dissenting:

The reasoning in the majority opinion, when carried to its logical conclusion, will result in protecting Appellant (and others similarly situated, including Peppertree An-

imal Clinic) from liability under 4 O.S.1991 §§ 42.1 and 42.2. I disagree and dissent.

In Oklahoma, when considering the liability of "owners" to persons bitten or otherwise injured by their dog, different rules apply to "town dogs" than apply to "country dogs". See 4 O.S.1991 §§ 42.1, 42.2, and 42.3. Here, a "town dog" is involved. Therefore, the exception in § 42.3 should not apply. Apparently, the common law (which gave rise to the truism, "even a dog is allowed one bite"), applies to "country dogs". City dogs, like human offenders, are not now allowed "one bite", and strict liability often applies to their owners.

In view of the tenor of Supreme Court decisions in *Hampton v. Hammons,* 743 P.2d 1053 (Okl.1987), *Hood v. Hagler,* 606 P.2d 548 (Okl.1979), and *Whitefield v. Stewart,* 577 P.2d 1295, 1299 (Okl.1978), the word "owner" as used in the above statutes should be most liberally and broadly construed. "Owner" includes persons who possess, control, harbor or maintain a dog. More often than not, a record title to a dog does not exist, and "ownership" is established by some species of oral claim, possession, dominion or control, the same as "ownership" is established for other items of personal property.

Appellant should be held to have been an "owner" within the meaning of §§ 42.1 and 42.2, supra. She had possession, custody, dominion and control of the dog at all times involved in this case.

The majority holds: (1) an "owner" is limited to a person having legal ownership of the dog;[1] and, (2) Appellant was not an "owner". If the majority is correct, and if this town dog had bitten or injured a third party while Appellant was walking the dog, then neither Appellant nor persons similarly situated would be liable under §§ 42.1 and 42.2 as an "owner"; but, Appellees would be liable. In such event the common law doctrine allowing "one bite" apparently would apply in favor of Appellant (but not

---

**1.** The section III heading reads in full: Title 4 O.S. § 42.1 when construed with Tulsa Municipal ordinance, title 2, Ch. 1 § 1(d) includes as an owner any one harboring or maintaining a dog.

**1.** The majority opinion uses the term "person having the legal right to possession", but the context requires this to mean "legal ownership".

Appellees) if some other member of the public was bitten and injured. This ignores obvious legislative intent.

In my opinion, the trial court correctly entered summary judgment for the Appellees.[2] The statute allows third parties to sue "owners" in tort. It does not authorize an injured "owner" to sue some other "owner". I would hold that the defense of assumption of risk applies to these facts, as a matter of law.

I respectfully DISSENT.

---

**2.** Since neither party to this action makes any contention under 4 O.S.1991 § 43, I assume it is not applicable to this case.

4 O.S.1991 §§ 44 through 47 were enacted in 1991, but did not become effective until February 1, 1992. Whatever the effect of §§ 44 through 47 may or may not be, they cannot apply to the case being considered.